IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIDDLEBY MARSHALL INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| G.S. BLODGETT CORPORATION | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 08 C 369 |
| | ) | |
| v. | ) | The Honorable Ruben Castillo |
| | ) | U.S. District Court Judge |
| PIZZA EQUIPMENT SUPPLY, | ) | |
| INC. | ) | The Honorable Geraldine Soat Brown |
| | ) | U.S. Magistrate Judge |
| Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, ALTERNATIVELY, TO TRANSFER TO NORTH CAROLINA**

Defendant, Pizza Equipment Supply, Inc. ("PESI"), respectfully submits this memorandum of law in support of its Motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue, or in the alternative, to transfer this case pursuant to 28 U.S.C. §1404 to the Western District of North Carolina ("WDNC").

Plaintiffs Middleby Marshall, Inc. ("Middleby Marshall") and G.S. Blodgett Corporation ("Blodgett") filed this action in this judicial district where its publicly traded parent corporation, The Middleby Corporation, is located.  However, PESI and Plaintiff Blodgett are not located in this judicial district, and the locus of operative facts in this intellectual property dispute occurred in North Carolina, where PESI's only facility, all employees and documents are located. Moreover, at least ten witnesses, including at least five third party witnesses crucial to PESI's defense in this case reside in North Carolina and are outside the subpoena power of this Court.

1

In fact, PESI does not have the minimum contacts in Illinois to establish jurisdiction or support venue in this judicial district, thus warranting dismissal of this case. In the alternative, the relevant factors relating to convenience of the parties, convenience of the witnesses and public interest heavily favor a transfer of venue to North Carolina.

## STATEMENT OF FACTS

This litigation was commenced by Plaintiffs Middleby Marshall and Blodgett alleging trademark infringement, unfair competition and dilution in violation of the Lanham Act and common law trademark infringement, unfair competition, and deceptive trade practices. Plaintiffs accuse PESI of selling used, refurbished ovens that were originally manufactured by Plaintiffs. Despite historic and long-standing Supreme Court precedent[1] to the contrary and the clear labeling on the ovens sold by PESI as "refurbished," Plaintiffs insist that PESI should remove the registered trademarks allegedly owned by Plaintiffs from the used, refurbished ovens.

Defendant PESI is a North Carolina corporation with it only place of business located in Cherryville, North Carolina (near Charlotte). Declaration of Marcus Bramhall ("Bramhall Decl.") attached hereto as **Exhibit A**, ¶4. PESI is a small privately owned company with only thirty-nine employees all based in North Carolina, selling new and used equipment, parts and accessories for the pizza making industry. Id., ¶¶3.6. All decisions relating to sales, marketing, and advertising by PESI occur in North Carolina. Id., ¶9. All customer inquiries and orders are received, handled, processed in, and shipped from North Carolina. Id., ¶10. All of PESI's files and business records, and information concerning the accused refurbished ovens, are physically located in North Carolina. Id., ¶7. PESI does not target any advertising or marketing specifically to any resident or business in any particular state, including Illinois. Id., ¶8. PESI

---

[1] *See e.g. Champion Spark Plug, Co. v. Sanders*, 67 S.Ct. 1136, 331 U.S. 125, 91 L.Ed. 1386 (1947); *Prestonettes, Inc. v. Coty*, 44 S.Ct. 350, 264 U.S. 349, 68 L.Ed. 731 (1924).

does not own or lease any property in Illinois, does not have a telephone listing in Illinois, does not have any employees in Illinois, does not have a business license for or in Illinois, and does not have a bank account or file taxes in Illinois.  *Id.*, ¶¶5-6.

Plaintiffs Middleby Marshall, Inc. ("Middleby Marshall") and G.S. Blodgett Corporation are wholly owned subsidiaries and operating companies of The Middleby Corporation. Complaint, ¶¶1-2.  The Middleby Corporation is a publicly traded Delaware corporation located in many jurisdictions, including Illinois and North Carolina, having over twelve hundred employees throughout the word.  Declaration of Brett M. Hutton, Esq. ("Hutton Decl."), attached hereto as **Exhibit B**, ¶4.  According to its 2006 Annual Report, The Middleby Corporation had net sales totaling over four hundred million dollars in 2006.  *Id.*, ¶5.  In fact, each Plaintiff has individually earned in excess of one billion dollars in sales revenue for commercial oven sales. Complaint, ¶11.  The Middleby Corporation has seventeen offices and manufacturing facilities in nine different locations around the world, including North Carolina.  *Id.*, ¶ 6.  The manufacturing, warehousing and office building that The Middleby Corporation owns in Fuquay-Varina, North Carolina is over one hundred and thirty thousand square feet – more than 3.25 times larger than PESI's only facility located in North Carolina.  *Id.*; Bramhall Decl., ¶ 4.

Plaintiff Blodgett is a Vermont corporation located in Burlington, Vermont, no further from North Carolina than from this Court.  Complaint, ¶ 2.  Plaintiff Blodgett has two authorized parts and service representatives and one authorized equipment sales representative in North Carolina.  Hutton Decl., Exh. E, pg. 14 of 24.  One of these service agencies is located less than twenty miles from PESI, within the jurisdiction of the WDNC.  *Id*.  Plaintiff Middleby Marshall is a Delaware corporation located in both Illinois and North Carolina.  Complaint, ¶ 1.  Plaintiff Middleby Marshall is registered to do business in North Carolina, as a foreign corporation, with

3

the North Carolina Secretary of State, and has at least four service agencies providing service in North Carolina and at least three service agencies providing service in South Carolina.  Hutton Decl., ¶¶ 7, 8.  One of these service agencies is located less than twenty-five miles from PESI, within the jurisdiction of the WDNC.  *Id.*

## ARGUMENT

I.  **This Action Should Be Dismissed Because This Judicial District Does Not Have Personal Jurisdiction Over PESI and Is Not A Proper Venue**

PESI does not have the requisite minimum or substantial contacts with Illinois to warrant personal jurisdiction or proper venue in this judicial district.  *See,* Fed.R.Civ.P. 12(b)(2), (3).  A prerequisite to maintaining an action in federal courts is proper jurisdiction and venue, which the plaintiff may establish *prima facie* through the complaint.  However, if venue is challenged, then plaintiff bears the burden to provide sufficient facts in support of its choice of venue.  *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F.Supp.2d 1052, 1055 (N.D. Ill. 2002).  An exercise of personal jurisdiction over a defendant must comport with state and federal due process.  *Morton Grove Pharm., Inc. v. The Nat'l Pediculosis Assoc.*, 485 F.Supp.2d 944, 947 (N.D. Ill. 2007).

In their Complaint, Plaintiffs allege that venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).  Pursuant to 28 U.S.C. § 1391(b), a civil action wherein jurisdiction is not founded solely on diversity of citizenship may only be brought in:

> (1)　　a judicial district where any defendant resides, if all defendants reside in the same State;
> (2)　　a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situate…

28 U.S.C. § 1391(b).  Plaintiffs cannot present sufficient facts to meet their burden under any of these criteria, and thus this case should be dismissed.

      A.    **PESI Does Not Reside in the Northern District of Illinois**

Pursuant to 28 U.S.C. §1391(b)(1), venue is proper if it can be established that a defendant resides in this judicial district. 28 U.S.C. §1391(b)(1). For purposes of venue, a corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Plaintiffs bear the burden of demonstrating that personal jurisdiction exists over PESI in this judicial district. *Morton Grove*, 485 F.Supp.2d at 947. To establish personal jurisdiction, Plaintiff must prove that PESI has established "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Minimum contacts are those acts by which a defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the protections and benefits of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958). PESI does not have the requisite minimum contacts with Illinois to warrant an exercise of personal jurisdiction over it in this case.

          **1.    General Jurisdiction Does Not Exist Over Defendant**

PESI's contacts with Illinois are too sporadic, tenuous and insubstantial to warrant the exercise of general jurisdiction over it. *Glass v. Kemper Corp.*, 930 F.Supp. 332, 338 (N.D. Ill. 1996) (general jurisdiction did not exist over non-resident defendant who had insubstantial contacts with Illinois). PESI does not have an office or any employees or sales representatives in Illinois, does not own or lease any real property in Illinois, does not have a telephone listing in Illinois, does not have a business license for or in Illinois, does not maintain an office in Illinois, and does not have a bank account in Illinois. Bramhall Decl., ¶ 5. PESI also does not direct or target any advertisements or marketing to Illinois residents or businesses. *Id.*, ¶ 8; *L.H. Carbide Corp. v. Pierce Maker Co.*, 852 F.Supp. 1425, 1434 (N.D. Ind. 1994). Furthermore, PESI's

sales in Illinois compared to PESI's total sales do not meet the requisite level to constitute the kind of "continuous, systematic, and substantial" contacts that warrant the exercise of general jurisdiction.  *Recycling Scis. Int'l, Inc. v. Soil Restoration & Recycling L.L.C.*, 2001 WL 1329304, *4 (N.D. Ill. 2001).  Specifically, since 2005, PESI's sales in Illinois represent only 1.4% of its total sales.  Bramhall Decl., ¶¶11-14.

Courts in this circuit have concluded that percentages of sales comparable to, or even greater than, PESI's sales in Illinois were insufficient to establish general jurisdiction.  See e.g. *Recycling Scis. Int'l, Inc.*, 2001 WL 1329304 at *4 (defendant's sale of products constituting less than 2% of its total revenue between 1994 and 1999 was insufficient to establish general jurisiction); *L.H. Carbide*, 852 F.Supp. at 1434 (8% of total annual sales in Indiana the year before suit was filed, and 3.5% average during preceding five years, did not warrant exercise of general jurisdiction); *see also, Injen Tech. Co. Ltd. v. Advanced Engine Mgmt.*, 270 F.Supp.2d 1189, 1194 (S.D. Cal. 2003) (2% of defendant's total business did not warrant the exercise of general jurisdiction); *Stairmaster Sports/Medical Prod., Inc. v. Pacific Fitness Corp.,* 916 F.Supp. 1049, 1053 (W.D. Wash. 1994), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996) (3% of total sales volume not enough to establish general jurisdiction).

Clearly, PESI does not have "continuous and systematic general business contacts" with Illinois that are "so substantial and of such a nature as to justify suit against [it] on causes of actions arising from dealings entirely different from those activities."  *Glass*, 930 F.Supp. at 338. Therefore, general jurisdiction does not exist over PESI in Illinois.

### 2.  Specific Jurisdiction Does Not Exist Over Defendant

To establish specific personal jurisdiction, Plaintiffs must demonstrate that PESI "purposefully directed [its] activities at residents of the forum and [that] the litigation results

from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472, 105 S.Ct. at 2182 (*citations omitted*). The assertion of specific personal jurisdiction must comport with "fair play and substantial justice," and "may not be employed in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." *Id*. at 476, 478, 105 S.Ct. at 2184-5. Thus even if Plaintiffs could show that PESI purposefully engaged in forum activities, the "minimum requirements inherent in the concept of 'fair play and substantial justice'" will defeat the reasonableness of jurisdiction. *Id*. at 477-78, 105 S.Ct. at 2185.

PESI does not target any of the accused advertising specifically to Illinois residents or businesses. Bramhall Decl., ¶8. Since 2005, PESI sold only five accused refurbished ovens to customers in Illinois amounting to only 0.54% of its total sales in the past three years. Id., ¶14; *L.H. Carbide*, 852 F.Supp. at 1434. However, any alleged likelihood of confusion or injury to Plaintiffs resulting from PESI's accused conduct is not unique to this judicial district or Illinois, and would be largely insignificant based on PESI's lack of any significant or substantial contacts with this state. *See, Budget Rent A Car Corp. v. Budget Self Storage*, 2000 WL 1721016, * 5 (N.D. Ill. 2000). In spite of this, Plaintiffs seek to use PESI's *de minimis* sales in Illinois to drag it 900 miles away from its only place of business into this court where only one Plaintiff is located. Given the enormous size and financial resources of the Plaintiffs compared to PESI and PESI's insubstantial contact with this State, litigating this case in this judicial district would be a substantial inconvenience to PESI and would not comport with "fair play and substantial justice" to warrant exercise of specific jurisdiction. In fact, litigating this case in Illinois will cause substantial hardship and disruption to PESI's business due to its size. Bramhall Decl., ¶¶ 16-17.

Therefore, Plaintiffs cannot establish the minimum contacts necessary to support either

general or specific jurisdiction over PESI in Illinois.  Accordingly, PESI does not reside in Illinois for the purposes of 28 U.S.C. § 1391(b)(1) and venue in this judicial district is improper.

      **B.**    **A Substantial Part of the Events Did Not Occur in This Judicial District**

All business decisions and records relating to advertising, marketing and refurbishing Plaintiffs' ovens, including the accused process of refurbishing Plaintiff's ovens, occurs in North Carolina.  Id., ¶ 9.   PESI does not target any of the accused advertising or marketing specifically to anyone in Illinois, and only 0.54% of PESI's total sales in the past three years were accused refurbished oven sold to Illinois customers.  Id., ¶14; *& Braun Haarwarenerzeugungs U. Handelsges M.B.H. v. Arroyo*, 2003 WL 22078321, *2 (N.D. Ill. 2003).  Therefore, since a substantial part of the events giving rise to this action do not occur in Illinois, venue is improper in this judicial district under 28 U.S.C. § 1391(b)(2) warranting dismissal of this case.

**II.**    **Alternatively, This Action Should Be Transferred To North Carolina Pursuant To 28 U.S.C. § 1404(A)**

If this action is not dismissed for lack of jurisdiction or improper venue, PESI respectfully requests that venue be transferred to the WDNC, pursuant to 28 U.S.C. § 1404, where PESI and both Plaintiffs are located.  In addition, all of PESI's documents and employees are physically located in North Carolina, where all decisions relating to advertising, marketing and the refurbishment process are also made by PESI.  Further, Plaintiffs are considerably larger and have significantly more financial and personnel resources than PESI to make litigation in North Carolina much less burdensome on them than the burden on PESI of litigating in this judicial district.  Finally, PESI employee and third party witnesses crucial to PESI's defense are located within North Carolina and outside the subpoena power of this judicial district.  Accordingly, the WDNC is a more convenient forum than this judicial district.

### A.     Legal Standard: Transfer Pursuant to 28 U.S.C. § 1404(a)

A change of venue may be ordered, at the discretion of the court, "[f]or the convenience of the parties and witnesses, and in the interest of justice." 28 U.S.C §1404(a); *Middleby Marshall, Inc. v. Enertex, Inc.* 1987 WL 16906, *3 (N.D. Ill. 1987) In exercising its discretion to change venue, the court must first consider whether venue for the asserted claims is proper in the transferee district and whether the action could have originally been brought in that district. *Medi USA v. Jobst Institute, Inc.*, 791 F.Supp. 208, 210 (N.D. Ill. 1992). After establishing that the claim could have been brought in the transferee district, the court then considers such factors as, the location of the parties, the place of the alleged wrong, plaintiff's choice of forum, and all other practical factors that make trying of a case easy, expeditious and inexpensive. In addition, the court must also seek to promote the efficient administration of justice by considering factors, such as the familiarity of the forum with the law that will govern the case, providing the parties with a speedy trial, the desirability of resolving controversies in their locale and relationship between the community to the issues at trial. *Bryant v. ITT Corp.*, 48 F.Supp.2d 829 (N.D. Ill. 1999); *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981).

### B.     Venue is Proper in the Western District of North Carolina

In a civil action where jurisdiction is not founded solely on diversity of citizenship, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State…". 28 U.S.C. § 1391(b). This case, therefore, could have, and should have, been brought in the WDNC because PESI, the sole defendant in this action, resides in that judicial district, and all activities relating to PESI's business and the conduct alleged in this action originated in that judicial district. Bramhall Decl., ¶¶ 7, 9.

### C.     The Relevant Private and Public Factors Weigh Significantly in Favor of Transferring This Case to the Western District of North Carolina

9

1. **The Place of Alleged Wrong Favors Transfer**

This Court has recognized that "[c]ourts assessing whether to transfer intellectual property cases … often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *S.C. Johnson & Sons, Inc. v. Buzz Off Insect Shield, L.L.C.*, 2005 WL 1838512, *2 (N.D.Ill. 2005) (trademark infringement case transferred to the Middle District of North Carolina where the defendant was located and the development of the product at issue occurred); *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. P'ship*, 807 F.Supp. 470, 474-75 (N.D. Ill. 1992) (trademark infringement action transferred to Massachusetts where the defendants' principal place of business, employees, documents and other relevant figures and information are located); *see, also, H.B. Sherman Mfg. Co. v. Rain Bird National Sales Corp.*, 979 F.Supp. 627, 630 (N.D.Ill. 1997) (trademark infringement case transferred to district where defendant's headquarters and facilities were located). PESI's only place of business in located in North Carolina, where all its documents, employees and business operations are located. Bramhall Decl., ¶¶ 4, 7, 8. Most importantly, all activities relating to the accused refurbishment process and decisions on the advertising and sale of the accused refurbished ovens by PESI occur in North Carolina. *Id.,* ¶ 9. The fact that only 0.54% of PESI's total sales involved accused refurbished ovens sold in Illinois does not compel the parties to try the case here, since any likelihood of confusion is not unique to this state. *H.B. Sherman*, 979 F.Supp. at 630; *Budget*, 2000 WL 1721016, * 5. Consequently, this factor weighs heavily in favor of transfer.

2. **The Convenience of the Parties Favors Transfer**

The Court also considers where the parties reside and their respective abilities to bear the expense of trial in a particular forum. *H.B. Sherman Mfg. Co.*, 979 F.Supp. at 631. All of the

parties are found in the WDNC and Plaintiffs have significantly more financial and personnel resources than PESI to bear the burden of litigating this action in North Carolina and avoid any disruption to the day-to-day operation of their businesses.

PESI is a small privately owned company located in Cherryville, North Carolina that has only been in business since 2004. Bramhall Decl., ¶ 3. PESI's only facility, totaling forty thousand square feet, is located in North Carolina. *Id.*, ¶ 4. PESI currently has only thirty-nine employees, all based and residing in North Carolina. *Id.*, ¶ 6. If this case proceeds in this judicial district, it would be an undue burden and disruptive to PESI's business and employees to be forced to travel to Illinois for a trial. *Id.*, ¶16. The identified employee witnesses have substantial responsibilities at PESI and are critical to the day-to-day operation of PESI's business. *Id.* If these witnesses were required to travel to Illinois for the purposes of this lawsuit, the ability of PESI to operate would be seriously impaired. *Id.* It would be a substantial hardship for PESI to have to litigate this case in Illinois and could prove to be financially devastating and a severe disruption to its business. *Id.*, ¶ 17.

In contrast, Plaintiffs are part of a publicly traded company, The Middleby Corporation, which made more than seventy times (70x) the amount of sales in 2006 and has more than thirty times (30x) the employees as PESI. Hutton Decl, Exh.A, Pg. 3 of 44. The Middleby Corporation has seventeen offices and manufacturing facilities in nine different locations around the world, including a facility in North Carolina. Plaintiff Middleby Marshall is registered to do business as a foreign corporation with the North Carolina's Secretary of State. Hutton Decl. Exh. C. pg. 1 of 1. The manufacturing, warehousing and office building that The Middleby Corporation owns in North Carolina is over 130,000 square feet – more than 3.25 times larger than PESI's only facility located in North Carolina. Hutton Decl. Exh. B, pg. 1 of 1. Plaintiff

Middleby Marshall has been in existence for over one hundred years and Plaintiff Blodgett has each been in existence for over one hundred and fifty years. Complaint, ¶ 10. Moreover, Plaintiff Middleby Marshall has at least four service agencies providing service in North Carolina. Hutton Decl. Exh. D, pg. 1 of 1. One of these service agencies is located less than twenty-five miles from Defendant PESI's only facility, within the WDNC. Plaintiff Blodgett also has a presence in North Carolina, with two authorized parts and service representatives and one authorized equipment sales representative in North Carolina. (Hutton Decl. Exh. E, pg. 14 of 24). One of these service agencies is located less than twenty miles from Defendant PESI's only facility, within the jurisdiction of the WDNC. Moreover, Plaintiff Blodgett, based in Vermont, is equidistant to Illinois and North Carolina. Finally, Plaintiffs have individually made over $1 billion dollars in sales revenue for commercial ovens, which does not include any revenue for the other products and parts that they sell. Complaint ¶11.

Due to the relative size and financial resources and locations of the parties, the convenience of the parties weighs heavily in favor of transferring this case to the WDNC, especially since the expense of litigating a trademark infringement action in this Court is higher than it would be if this action proceeded in North Carolina. Hutton Decl., ¶14, Exh. G.

### 3. The Convenience of Witnesses Favors Transfer

The convenience of the witnesses is often viewed as the most important factor in deciding the most convenient and appropriate venue. In this case, this factor weighs heavily in favor of transfer because PESI resides in North Carolina, as do numerous employee and third-party witnesses crucial to PESI's defense. *See*, *H.B. Sherman Mfg. Co.*, 979 F.Supp. at 630-31. In evaluating the convenience of witnesses, this Court has considered the number of potential witnesses located in the transferor and transferee districts; the expense of transportation and the

length of time the witnesses will be absent from their jobs; the nature, quality, and indispensability of the witnesses' testimony; and whether the witnesses can be compelled to testify. *Medi USA*, 791 F.Supp. at 211.

PESI identifies five employee and five third party witnesses that all reside in North Carolina and are within the subpoena power of the WDNC, not the subpoena power of this Court. Bramhall Decl., ¶ 15, Hutton Decl., ¶¶ 11, 12. Most importantly, the knowledge and expected testimony of these witnesses are crucial to PESI's defense in this case. Id. Specifically, these witnesses are necessary to support the lack of confusion in the marketplace from the sale of refurbished ovens by PESI and dispute the accusations by Plaintiffs that the performance, reliability and safety of these refurbished ovens are an issue. *Id.* Thus this important factor weighs heavily in favor of the transfer to North Carolina.

### 4. The Location of Documents and Records Supports Transfer

All of PESI's documentary evidence and business records, such as invoices, purchase orders, receipts, operations and sales data, and all documents relating to the refurbishment of ovens and advertisement of the same by PESI are physically located in North Carolina. Bramhall Decl., ¶ 7. Therefore, this factor weighs heavily in favor of transfer to the WDNC. *S.C. Johnson*, 2005 WL 1838512 at *2.

### 5. Plaintiff's Choice of Forum Should Be Given No Weight

Plaintiff's choice of forum is no longer a dominant factor in determining whether venue should be transferred. *Medi USA*, 791 F.Supp. at 210; *see also, Middleby Marshall, Inc.*, 1987 WL 16906 at *2 (noting that plaintiff's choice of forum factor is now given less weight). Even if this factor is given significant consideration in determining whether the motion to transfer should be granted, "it is not absolute and will not defeat a well-founded motion to transfer." *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F.Supp.2d 821, 833 (N.D. Ill. 1999). Thus, the

Court should not give this factor any weight, especially since Plaintiff Blodgett is located in Vermont, PESI is located in North Carolina and the *de minimis* contacts PESI has with this state.

### 6. Interest of Justice Factors Favor Transfer

In determining whether to transfer a case, the Court also considers the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). Interest of justice involves an analysis of the respective judicial systems, not the merits of the underlying dispute, and thus deals with such factors as the congestion of the Courts, likelihood of a speedy trial, and the competency of the Court to hear the matter at issue. *See, id.* at 221; *see also*, *Medi USA*, 791 F.Supp. at 211 (the efficient functioning of the judicial system considered).

The congestion of this judicial district strongly favors transfer to North Carolina. According to the Judicial Caseload Profile Report published by the Administrative Office of the U.S. Courts, this judicial district is more congested than the WDNC. In fact, this judicial district handled 4.8 times the number of case filings in 2006 than the WDNC (i.e. 8,093 total case filings in this district compared to 1,672 total case filings in the WDNC). Hutton Decl. ¶13, Ex. F. Further, each judge in this district handled thirty-three (33) more case filings and eighteen (18) more pending cases in 2006 than judges in the WDNC. *Id.* The likelihood of a speedy trial does not favor either Court. According to the same report, this lawsuit will progress at essentially the same pace (e.g. median time from filing to trial of approximately 27 months) whether it is tried in this Court or in the WDNC. *Id.* Specifically, the median number of months from filing to trial of civil cases in both this district and the WDNC is approximately twenty-seven months. *Id.*

Since trademark infringement is a question of federal law, both this Court and the WDNC are equally competent to hear this case. *H.B. Sherman Mfg. Co.*, 979 F.Supp. at 631. While the complaint also includes claims for unfair competition and deceptive trade practices in violation

of Illinois state law, "the issues involved are not so intricate that this Court would be better able to apply Illinois law than any other federal court."  *Cf. Black & Decker Corp. v. Vermont Am. Corp.*, 915 F.Supp. 933, 939 (N.D. Ill. 1995).

In considering the interest of justice, this Court has also evaluated "the relationship of the communities to the litigation."  *Moore v. Motor Coach Indus., Inc.*, 487 F.Supp.2d 1003, 1009 (N.D. Ill. 2007); *accord, Bryant,* 48 F.Supp.2d at 835.  While PESI is headquartered in North Carolina and thus has definite and overt presence in the transferee district, it has *de minimis* contact with residents and businesses in this district.  North Carolina has a stronger tie to this litigation and has a stronger interest in hearing this case because the locus of operative facts in this case occurred in the WDNC.  Moreover, PESI is based in North Carolina, and Plaintiffs have a significant presence in North Carolina.  Hutton Decl., ¶¶ 8-9.  For the foregoing reasons, the public interests of the court favor the transfer.

## CONCLUSION

For the foregoing reasons, this Court should grant the motion to dismiss for lack of jurisdiction and/or improper venue or, in the alternative, transfer this action to the U.S. District Court for the Western District of North Carolina.

March 7, 2008                                                          Respectfully Submitted,

| | |
|---|---|
| David P. Miranda | /s/   Kevin J. McDevitt____ |
| Brett M. Hutton | Susan Neal   (Local Counsel) |
| HESLIN ROTHENBERG FARLEY | Kevin J. McDevitt   (Local Counsel) |
|   & MESITI, P.C. | NEAL & MCDEVITT, LLC |
| 5 Columbia Circle | 1776 Ash Street |
| Albany, NY 12203 | Northfield, IL 60093 |
| Phone: 518.452.5600 | Phone: 847.441.9100 |
| Facsimile: 518.452.5579 | Fax: 847.441.0911 |
| E-mail: BH@hrfmlaw.com | E-Mail: kmcdevitt@nealmcdevitt.com |
| (Pro Hac Vice Admission Pending) | |
| | *Attorneys for Defendant* |
| | *Pizza Equipment Supply, Inc.* |