**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

MIDDLEBY MARSHALL, INC.,　　　　　)
a Delaware corporation, and　　　　　　)
G.S. BLODGETT CORPORATION,　　　　)
a Vermont corporation,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiffs,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
PIZZA EQUIPMENT SUPPLY, INC.,　　　)
a North Carolina corporation.　　　　　　)
　　　　　　　　　　　　　　　　　　)

Civil Action No. 08 C 369
Judge Castillo
Magistrate Judge Brown

## DECLARATION OF BRETT M. HUTTON, ESQ.

Brett M. Hutton, declares and says as follows:

1.　　I am over 18 years of age, suffer from no known disability, and have personal knowledge of the facts set forth herein. I submit this declaration in support of Defendant Pizza Equipment Supply, Inc.'s Motion to Dismiss or, Alternatively, To Transfer To North Carolina.

2.　　I am an attorney duly licensed to practice law before the courts of the State of New York, and a shareholder with the law firm of Heslin Rothenberg Farley & Mesiti P.C., attorneys for Defendant Pizza Equipment Supply, Inc. (hereinafter "PESI") in this action.

3.　　Plaintiffs Middleby Marshall, Inc. ("Middleby Marshall") and G.S. Blodgett Corporation ("Blodgett") commenced this action for federal trademark infringement, unfair competition under the Lanham Act, federal trademark dilution, common law trademark infringement and unfair competition, and deceptive trade

1

practices against Defendant PESI. Plaintiffs served the Compliant on PESI on January 28, 2008.

      4.      Plaintiffs Middleby Marshall and Blodgett are divisions of The Middleby Corporation. The Middleby Corporation is a publicly traded company (stock ticker: MIDD) having over one thousand, two hundred employees throughout the world. Plaintiff Middleby Marshall is located at the same address as The Middleby Corporation in Elgin, Illinois, while Plaintiff Blodgett is located in Burlington, Vermont.

      5.      According to the 2006 Annual Report, The Middleby Corporation had net sales totaling over four hundred million dollars (i.e. $403,131,000) and gross profits of over one hundred million dollars (i.e. $102,628,000). A true and accurate copy of the 2006 Annual Report of The Middleby Corporation is attached hereto as **Exhibit A**.

      6.      The Middleby Corporation has seventeen offices and manufacturing facilities in nine different locations around the world, including North Carolina. The manufacturing, warehousing and office building that The Middleby Corporation owns in Fuquay-Varina, North Carolina is over one hundred and thirty thousand square feet – more than 3.25 times larger than PESI's only facility located in Cherryville, North Carolina. A true and accurate copy of the first webpage of The Middleby Corporation at www.middleby.com listing its offices and manufacturing facilities is attached hereto as **Exhibit B**.

      7.      Plaintiff Middleby Marshall is registered to do business as a foreign corporation in the State of North Carolina, having registered as such with the North Carolina's Secretary of State. A true and accurate copy of a printout from the North

Carolina Department of the Secretary of State online database
(www.secretary.state.nc.us) is attached hereto as **Exhibit C**.

      8.      Plaintiff Middleby Marshall has at least four service agencies providing service in North Carolina and at least three service agencies providing service in South Carolina. One of these service agencies is located less than twenty-five miles from Defendant PESI's only facility, within the jurisdiction of the Western District of North Carolina. True and accurate copies from Plaintiff Middleby Marshall's website listing these service agencies in North Carolina and South Carolina are attached hereto as **Exhibit D**.

      9.      Plaintiff G.S. Blodgett has two authorized parts and service representatives and one authorized equipment sales representative in North Carolina. (See Exh. E, pg. 14 of 24). One of these service agencies is located less than twenty miles from Defendant PESI's only facility, within the jurisdiction of the Western District of North Carolina. A true and accurate copy of a listing of the sales representatives and service agents of Plaintiff G.S. Blodgett throughout the United States and Canada is attached hereto as **Exhibit E**.

      10.     The locus of operative facts in this case is in the Western District of North Carolina. All of PESI's documents and proof are physically located in North Carolina. The operative facts with respect to the alleged infringement and the disputed refurbishment process by PESI occurred in North Carolina and the allegedly infringing materials were created and disseminated in North Carolina. All decisions relating to advertisements and PESI's business refurbishing used ovens originally manufactured by Plaintiffs occur in Cherryville, North Carolina. There are no operative facts necessary to

this litigation based in Illinois.

11.     The following third party witnesses, along with a description of their relevant knowledge and expected testimony, listed in the chart below are crucial to PESI's defense of the claims brought by Plaintiff.  These witnesses are necessary to support the lack of confusion in the marketplace from the sale of refurbished ovens by PESI and dispute the accusations by Plaintiffs that the performance, reliability and safety of these refurbished ovens are an issue.  Each of these third-party witnesses is located within the subpoena power of the Western District of North Carolina.

| Third Party Witness (Company) | Place of Residence | Relevant Knowledge/Expected Testimony |
|---|---|---|
| Mathew Patterson (Domino's Pizza) | Charlotte, North Carolina | Purchased both original Middleby Marshall and Blodgett ovens and refurbished ovens from PESI; familiar with PESI refurbishment process; familiarity with PESI's business |
| P.J. Moore (CiCi Pizza) | Winston-Salem, North Carolina | Familiarity with original Middleby Marshall and Blodgett ovens and refurbished ovens from PESI; performance, reliability and safety of refurbished ovens from PESI; warranty on refurbished ovens from PESI |
| Fabion Batta (Batta Bing Pizza) | Winston-Salem, North Carolina | Familiarity with original Middleby Marshall and Blodgett ovens and refurbished ovens from PESI; performance, reliability and safety of refurbished ovens from PESI; warranty on refurbished ovens from PESI |
| Pete Shruba (Capone's Pizza) | Millers Creek, North Carolina | Familiarity with original Middleby Marshall and Blodgett ovens and refurbished ovens from PESI; performance, reliability and safety of |

| | | refurbished ovens from PESI; warranty on refurbished ovens from PESI |
|---|---|---|
| National Food Equipment Service | Winston-Salem, North Carolina | Installation of original Middleby Marshall and Blodgett ovens and refurbished ovens purchased from PESI |

12.    It is an undue burden for these third party witnesses to be forced to travel to Illinois for a trial of the matter. Furthermore, these crucial non-party witnesses are not subject to subpoena to testify in Illinois.

13.    Among the issues looked at by the courts when considering a motion for change of venue is the issue of litigation costs and efficient litigation for all parties. According to the Judicial Caseload Profile Report published by the Administrative Office of the United States Courts for the Northern District of Illinois and the Western District of North Carolina, the Northern District of Illinois is more congested than the Western District of North Carolina. In fact, the Northern District of Illinois handled 4.8 times the number of case filings in 2006 than the Western District of North Carolina (i.e. 8,093 total case filings in this district compared to 1,672 total case filings in the W.D.N.C.). Further, each judge in this district handled thirty-three (33) more case filings and eighteen (18) more pending cases in 2006 than the judges in the Western District of North Carolina, where PESI resides. True and accurate copies of the Judicial Caseload Profile Report from the U.S. Courts website (www.uscourts.gov) for the Northern District of Illinois and the Western District of North Carolina are attached hereto as **Exhibit F**.

14.    Pursuant to empirical data compiled by the American Intellectual Property ("AIPLA") in its economic survey published in 2007, the cost of litigating a trademark cause of action in this case would be less for all parties (e.g. more than $50,000 each) if

5

this action was transferred to the U.S. District Court for the Western District of North
Carolina.  Pursuant to the AIPLA's economic survey, the Western District of North
Carolina is located in the Location entitled "Metro Southeast" (i.e. Charlotte) and this
district is located in the Location entitled "Chicago."  Relevant portions of this survey are
attached hereto as **Exhibit G**.

15.    I declare under penalty of perjury under the laws of the United States of
America that the foregoing information contained in this Declaration is true and correct.

Dated: March 7, 2008

Brett M. Hutton