## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIDDLEBY MARSHALL INC.,<br>a Delaware corporation, and<br>G.S. BLODGETT CORPORATION,<br>a Vermont corporation, | )<br>)<br>)<br>) | <br><br><br>Civil Action No. 08 C 0369 |
| | ) | |
| Plaintiffs, | ) | Judge Ruben Castillo |
| | ) | |
| v. | ) | Mag. J. Geraldine Soat Brown |
| | ) | |
| PIZZA EQUIPMENT SUPPLY, INC.,<br>a North Carolina corporation, | )<br>) | |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

The parties, through their respective counsel, submit the following joint status report pursuant to the Court's direction.

### A. NATURE OF THE CASE

#### Bases for Jurisdiction

Plaintiff alleges that this action arises under the Lanham Act of 1946, 15 U.S.C. § 1051, *et seq.*; the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*; and Illinois common law. Plaintiff also alleges that the Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 1367.

On March 7, 2008, Defendant filed a Motion to Dismiss/Transfer in lieu of answer, challenging personal jurisdiction in this District.

#### Nature of Plaintiffs' Claims and Relief Sought By Plaintiffs

Plaintiffs seek injunctive relief and damages for trademark infringement, trademark counterfeiting, trademark dilution, unfair competition, and deceptive trade practices resulting

from Defendant's misuse of Plaintiffs' trademarks and misrepresentations as to Defendant's

rebuilt versions of Plaintiffs' used ovens.  A computation of damages is not available at this time.

Plaintiffs allege that Defendant's rebuilding activities materially and adversely alter the

original performance, reliability, safety, and efficiency of Plaintiffs' ovens, going far beyond

merely refurbishing or restoring the ovens.  Given the alterations to Plaintiffs' ovens, Plaintiffs

contend that Defendant is not entitled to continue to use in connection with such rebuilt ovens

Plaintiffs' trademarks and trade names or the certification marks earned by Plaintiffs for the

ovens as originally manufactured and tested by the certifiers.  In addition to leaving on the

rebuilt ovens the original nameplates that display Plaintiffs' marks and names, Defendant,

without Plaintiffs' authority, has printed and attached to the ovens new nameplates that display

Plaintiffs' marks and names and numerous original certification marks. Defendant also

improperly uses Plaintiffs' trademarks and trade names in its advertising and promotional

materials and on its web site without Plaintiffs' authorization.  All of these activities (and related

activities) have been carried out in Illinois.  Moreover, Defendant's web sites are interactive in

that they permit Illinois residents to purchase the accused products and perform other activities

through the web sites.

All parties have been served.

**Nature of Defendant's Claim and Relief Sought by Defendant**

Defendant has a Motion to Dismiss, or in the alternative, to Transfer to North Carolina

pending, and has not otherwise filed an Answer to the Complaint.  Without waiving its rights or

position related to said Motion, if the case is not dismissed, Defendant will seek a declaratory

judgment that it did not commit trademark infringement, trademark counterfeiting, trademark

dilution, unfair competition or deceptive trade practices resulting from the sale of used,

refurbished ovens originally manufactured by Plaintiffs based on, for example, fair use, equitable

estoppel, laches, waiver, unclean hands, and acquiesce.  Since its inception, Defendant has

applied at least one label to every accused refurbished oven it sells clearly identifying the oven as

"refurbished" by the Defendant.  Defendant's customers are also well aware that the ovens they

purchase from Defendant are used, refurbished, and may use aftermarket parts and that

Defendant is not affiliated with Plaintiffs.

Defendant contends that Plaintiffs have unfairly competed and tortiously interfered with

its prospective and existing business relationships by distributing letters and emails and by

representations made by Plaintiffs' agents, including sales representatives, concerning the nature

of this litigation and the equipment involved in this action.  A computation of damages is not

available at this time.

**Plaintiffs' Major Legal and Factual Issues With Citation To Key Authorities**

(1)     Whether Defendant's rebuilding activities materially alter Plaintiffs' ovens such

that Defendant does not have the right, in connection with Defendant's sale of such ovens, to

continue to use Plaintiffs' trademarks and trade names and the original third-party certification

marks. *See  Rolex Watch, U.S.A., Inc. v. Michel Co*., 179 F. 3d 704 (9th Cir. 1999); *Bulova Watch

Co. v. Allerton Co.*, 328 F.2d 20 (7th Cir. 1964); *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816

(5th Cir. 1998), *petition for cert. denied*, 119 S. Ct. 1808 (U.S. 1999); *Westinghouse Elec. Corp. v.

General Circuit Breaker & Electric Supply, Inc.*, 106 F.3d 894 (9th Cir), *cert. denied*, 118 S.Ct.

155 (1997); *United States of America v. 10,510 Packaged Computer Towers, et al.,* 152 F. Supp.

2d 1189 (N.D. Cal. 2001); *General Elec. Co. v. Speicher*, 877 F. 2d 531 (7th Cir. 1989).

(2)     Whether Defendant's rebuilding activities using parts other than Plaintiff's

original equipment parts precludes Defendant from continuing the display on the rebuilt ovens

the original third-party certifying agency marks. *Imig, Inc. v. Electrolux Home Care Products, Ltd.*, 2007 U.S. Dist. LEXIS 20530, *39-43 (E.D.N.Y. Mar. 22, 2007); *Summit Technology, Inc. v. High-Line Medical Instruments, Co.*, 933 F. Supp. 918, 933 (C.D. Cal. 1996); *MSP Corp. v. Westech Instruments, Inc.*, 500 F. Supp. 2d 1198, 1215-16 (D. Minn. 2007).

(3)    Whether Defendant's rebuilt ovens lack adequate disclaimers, warning labels, specification notices, and safety and operating instructions. *See  Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F. 3d 704 (9th Cir. 1999); *Bulova Watch Co. v. Allerton Co.*, 328 F.2d 20 (7th Cir. 1964); *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816 (5th Cir. 1998), *petition for cert. denied*, 119 S. Ct. 1808 (U.S. 1999); *Westinghouse Elec. Corp. v. General Circuit Breaker & Electric Supply, Inc.*, 106 F.3d 894 (9th Cir), *cert. denied*, 118 S.Ct. 155 (1997); *United States of America v. 10,510 Packaged Computer Towers, et al.,* 152 F. Supp. 2d 1189 (N.D. Cal. 2001); *General Elec. Co. v. Speicher*, 877 F. 2d 531 (7th Cir. 1989).

(4)    Whether Defendant's use of Plaintiffs' trademarks and names and original certification marks in connection with selling and advertising rebuilt ovens is likely to cause confusion, mistake and deception and lead actual and prospective purchasers to believe that the rebuilt ovens and aftermarket parts used in the ovens (a) are approved by, sponsored by or associated with Plaintiffs, (b) still meet their original specifications and characteristics, and (c) remain certified by the agencies listed on the ovens. *Id.*

**Defendant's Major Legal And Factual Issues With Citation To Key Authorities**

(1)    Does the mere sale of refurbished ovens constitute trademark infringement, unfair competition, trademark dilution, trademark counterfeiting or deceptive trade practices. *Champion Spark Plug Co. v. American Appliance Co.*, 331 U.S. 125 (1947); *Nitro Leisure*

*Prods., L.L.C. v. Acushnet Co.*, 341 F.3d 1356 (Fed.Cir. 2003); *Brandtjen & Kluge, Inc. v.*

*Prudhomme*, 765 F.Supp. 1551 (N.D.Tex. 1991).

      (2)     Whether the following three disclaimer labels that PESI applies, and has applied

prior to any knowledge of a dispute from Plaintiffs, to the control panel of all accused

refurbished ovens it sells is adequate:

> All of our equipment that is designated refurbished is used equipment which has been
> refurbished with OEM and Aftermarket parts. The subject of performance can vary from
> new OEM equipment. This used/refurbished equipment is processed via one or more of
> the following steps: stripping, painting and replacement of worn parts in our factory.
> This equipment has not been endorsed or approved by the manufacturer and does not fall
> under the original manufacturer's warranty.
>
> REFURBISHED ITEM
> Pizza Equipment Supply, Inc…..704-629-0000……www.pesi.us
> Equipment Buy, Sell (Whlsl/Rtl) / Parts New, Used OEM, Aftermarket
> Individual Pieces or Full "Turn Key" Equipment Packages
> We will make your $dough$ stretch farther
> [LOGO of PESI included]
>
> This item is covered by a warranty. Failure to contact PESI prior to servicing this item or
> replacing any parts without authorization will void any and all warranties. Unauthorized
> financial obligations will not be covered by PESI.
> [also stated in Spanish]

*Champion Spark Plug Co. v. American Appliance Co.*, 331 U.S. 125 (1947); *Nitro Leisure
Prods., L.L.C. v. Acushnet Co.*, 341 U.S. 1356 (Fed.Cir. 2003).

      (3)     Whether Plaintiffs have any standing to assert the applicability of a third-parties

trademark, namely the certification marks found on the original ovens sold by Plaintiff.

      (4)     Whether Plaintiffs' conduct tortiously interferes and/or unfairly competes with

Defendant's business by sending letters and emails and making verbal representations to

Defendant's customers and the pizza making industry regarding, for example, this litigation, the

performance, reliability and safety of the refurbished ovens sold by Defendant, a completely

different oven sold exclusively under Defendant's name that has nothing to do with this litigation or Plaintiffs, and the service of the accused refurbished ovens.

### Defendant's Motion To Dismiss/Transfer

Defendant's Motion to Dismiss/Transfer contends that there is neither general nor specific personal jurisdiction over Defendant in this District and that the Complaint should be dismissed or, alternatively, that the case should be transferred to the U.S. District Court for the Western District of North Carolina.

**Defendant's Position:**

**Defendant contends that there is no personal jurisdiction over it in this District. PESI alleges the following facts in support:**

- PESI's sales in Illinois compared to PESI's total sales do not meet the requisite level to constitute the kind of "continuous, systematic, and substantial" contacts that warrant the exercise of general jurisdiction. Specifically, since 2005, PESI's sales in Illinois represent only 1.4% of its total sales. *Recycling Scis. Int'l, Inc. v. Soil Restoration & Recycling L.L.C.*, 2001 WL 1329304, *4 (N.D. Ill. 2001); *L.H. Carbide Corp. v. Pierce Maker Co.*, 852 F.Supp. 1425, 1434 (N.D. Ind. 1994); *Injen Tech. Co. Ltd. v. Advanced Engine Mgmt.*, 270 F.Supp.2d 1189, 1194 (S.D. Cal. 2003) *Stairmaster Sports/Medical Prod., Inc. v. Pacific Fitness Corp.,* 916 F.Supp. 1049, 1053 (W.D. Wash. 1994), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996).

- PESI does not target any of the accused advertising specifically to Illinois residents or businesses.   Since 2005, PESI sold only five accused refurbished ovens to customers in Illinois amounting to only 0.54% of its total sales in the past three years.  *L.H. Carbide*, 852 F.Supp. at 1434.   Any alleged likelihood of confusion or injury to Plaintiffs resulting from PESI's accused conduct is not unique to this judicial district or Illinois, and would be largely insignificant based on PESI's lack of any significant or substantial contacts with this state.  *Budget Rent A Car Corp. v. Budget Self Storage*, 2000 WL 1721016, * 5 (N.D. Ill. 2000).

- Given the enormous size and financial resources of the Plaintiffs compared to PESI and PESI's insubstantial contact with this State, litigating this case in this judicial district would be a substantial inconvenience to PESI and would not comport with "fair play and substantial justice" to warrant exercise of specific jurisdiction.

- PESI does not have an office or any employees or sales representatives in Illinois, does not own or lease any real property in Illinois, does not have a telephone listing in Illinois, does not have a business license for or in Illinois, does not maintain an office in Illinois, and does not have a bank account in Illinois.  PESI also does not direct or target any advertisements or marketing to Illinois residents or businesses.  *Id.*, ¶ 8; *L.H. Carbide Corp. v. Pierce Maker Co.*, 852 F.Supp. 1425 (N.D. Ind. 1994).

- All business decisions and records relating to advertising, marketing and refurbishing Plaintiffs' ovens, including the accused process of refurbishing Plaintiffs' ovens, occurs in North Carolina.

- "Courts assessing whether to transfer intellectual property cases … often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *S.C. Johnson & Sons, Inc. v. Buzz Off Insect Shield, L.L.C.*, 2005 WL 1838512, *2 (N.D.Ill. 2005) (trademark infringement case transferred to the Middle District of North Carolina where the defendant was located and the development of the product at issue occurred); *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. P'ship*, 807 F.Supp. 470, 474-75 (N.D. Ill. 1992) (trademark infringement action transferred to Massachusetts where the defendants' principal place of business, employees, documents and other relevant figures and information are located); *see, also, H.B. Sherman Mfg. Co. v. Rain Bird National Sales Corp.*, 979 F.Supp. 627, 630 (N.D.Ill. 1997) (trademark infringement case transferred to district where defendant's headquarters and facilities were located).

- PESI is a small privately owned company located in Cherryville, North Carolina that has only been in business since 2004.  PESI's only facility, totaling forty thousand square feet, is located in North Carolina.  PESI currently has only thirty-nine employees, all based and residing in North Carolina.  If this case proceeds in this judicial district, it would be an undue burden and disruptive to PESI's business and employees to be forced to travel to Illinois for a trial.  The identified employee witnesses have substantial responsibilities at PESI and are critical to the day-to-day operation of PESI's business.  If these witnesses were required to travel to Illinois for the purposes of this lawsuit, the ability of PESI to operate would be seriously impaired.  It would be a substantial hardship for PESI to have to litigate this case in Illinois and could prove to be financially devastating and a severe disruption to its business.

- PESI's advertising, marketing, planning, administration, product development activity, and sales are performed out if its facility in Cherryville, North Carolina. The entire accused refurbishment process occurs in PESI's facility located in Cherryville, North Carolina.

- PESI has only five (5) customers in the State of Illinois as opposed to one hundred and forty (140) customers in North Carolina and forty-seven (47) customers in South Carolina

- Plaintiff Middleby Marshall is registered to do business as a foreign corporation with the North Carolina's Secretary of State.

- Plaintiffs are part of a publicly traded company, The Middleby Corporation, which made more than seventy times (70x) the amount of sales in 2006 and has more than thirty times (30x) the number of employees as PESI.

- Plaintiff Middleby Marshall has at least four service agencies providing service in North Carolina. One of these service agencies is located less than twenty-five miles from Defendant PESI's only facility, within the WDNC.

- Plaintiff Blodgett also has a presence in North Carolina, with two authorized parts and service representatives and one authorized equipment sales representative in North Carolina. One of these service agencies is located less than twenty miles from Defendant PESI's only facility, within the jurisdiction of the WDNC.

- PESI identifies five employee and five third party witnesses that all reside in North Carolina and are within the subpoena power of the WDNC, not the subpoena power of this Court. Most importantly, the knowledge and expected testimony of these witnesses are crucial to PESI's defense in this case.

<u>**Plaintiffs' Position:**</u>

**Plaintiffs contend that there is personal jurisdiction over Defendant in this District.**

**Plaintiffs allege the following facts in support:**

- Plaintiffs need only make a *prima facie* showing that personal jurisdiction exists. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988).

- Plaintiffs allege that Defendant committed the tortious acts of false advertising, unfair and deceptive trade practices and trademark infringement in Illinois, causing injury thereby to a company with its principal place of business in Illinois. This would be sufficient for the exercise of personal jurisdiction over Defendant even if defendant's behavior occurred wholly outside Illinois. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997); *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 828 (N.D. Illinois 1999). *BAB Sys., Inc. v. Pilatus Investment Group Inc.*, 2005 U.S. Dist. Lexis 25737, *9 (N.D. Ill. Oct. 27,2005).

- If specific personal jurisdiction is present, it is not necessary to show that general personal jurisdiction is also present. *BAB Systems,* at *11.

- Defendant admits that it does business in Illinois, offers for sale and has sold at least five of the accused commercial ovens in Illinois. Bramhall Decl. ¶¶ 11-14. Defendant also enters into warranty contracts with its Illinois customers, as shown on its web site.

- Bringing just one accused device to a trade show in Illinois was enough to confer personal jurisdiction, so Defendant's five sales to Illinois residents are a sufficient basis for jurisdiction. *Ultimatemeasures, Inc. v. Bohnengel*, 2004 U.S. Dist. LEXIS 7300, *9-10 (N.D. Ill. Apr. 22, 2004).

- Defendant admits that it advertises its ovens in national and international

publications. Bramhall Decl. ¶ 8. The taglines on its web sites are "Supplying the World" and "Supplying the World One Slice At A Time." Defendant is not therefore merely a tiny, local business like a bakery or Laundromat.

- Whether Defendant targets Illinois more than other states is irrelevant. Defendant does not deny that it targets Illinois. The fact that Defendant could be sued in other states does not negate that it does business in Illinois and sold accused infringing goods in Illinois.

- Defendant admits that it advertises its ovens on its web site at *www.pesi.us*. This web site has commercial interactive features in that items may be purchased online through a secure account. Defendant also advertises its ovens on *www.pizzaequipmentsupply.com*, where it advertises a coming "Customer Order Interaction" service and solicits customers to join a list to take advantage of this service. These activities alone are sufficient to provide personal jurisdiction in Illinois. *Aero Products Int'l, Inc. v. Intex Corp.*, 2002 WL 31109386 at *6, 64 U.S.P.Q. 2d 1772 (N.D. Ill. Sept. 20, 2002)

- Defendant does not deny that its service representatives provide service to its Illinois customers. The products at issue are large commercial ovens, not small appliances that can be sent to the manufacturer for service.

- Plaintiffs' facilities in North Carolina are not relevant to this case because Plaintiffs do not make or sell the conveyor ovens in dispute from those facilities.

- Plaintiffs' initial choice of forum is entitled to substantial deference and should rarely be disturbed, particularly where it is Plaintiffs' home forum, as it is for Middleby. *Aero Products* at *9; *BAB Systems* at *16-17.

- Plaintiffs' witnesses for this case are located primarily in Illinois. None of Plaintiffs' witnesses or documents for this case are located in North Carolina. The five

third-party Illinois customers (admitted by Defendant) who bought the accused ovens in Illinois are expected to be witnesses for Plaintiffs. The convenience of witnesses is an important factor but a Defendant will not be entitled to a transfer merely by presenting a long list of witnesses who may be inconvenienced. *Id.*

- Plaintiffs' documentary and other evidence is located primarily in Illinois, including the five admitted accused ovens. Transfer to North Carolina therefore will not increase overall ease of access to evidence. *Id.*

- This District is equally as much, if not more, the situs of material events as North Carolina. *Id.* at *11.

- The two most relevant statistics for evaluating the speed at which the case will proceed to trial are the median months from filing to disposition and the median months from filing to trial. *Brandon*, 42 F. Supp. 2d at 835. The median months from filing to disposition are 6.5 in this District and 9.8 in North Carolina. The median months from filing to trial are 26.4 in this District and 27 (last available data) in North Carolina. Therefore, the factor of court congestion favors Plaintiffs. *Aero* at *11.

- Where both forums have advantages and disadvantages and the arguments for and against a transfer are equally compelling, Defendant has not met its burden of demonstrating that the receiving court is "clearly more convenient" than this Court. *BAB Systems* at *21.

- Plaintiffs would need discovery to determine the dollar volume of sales of Defendants' products in Illinois, as these figures were withheld as confidential. Plaintiffs believe that discovery will uncover further support for personal jurisdiction in this District.

## B. PREPARATION OF DRAFT SCHEDULING ORDER

The parties propose May 20, 2008, as the last date to join other parties and to amend the

pleadings; January 30, 2009, as the end of discovery; and February 27, 2009, as the last date to

file dispositive motions.

## C. TRIAL STATUS

A jury trial was requested.  The parties estimate the length of trial to be four days.

## D. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The parties do not both consent to proceed before the Magistrate Judge.

## E. SETTLEMENT STATUS

The parties are engaged in settlement discussions, but have not been able to reach an

agreement.

Dated:  March 17, 2008.                      Respectfully submitted,

By: s/ Charles A. Laff                       By: s/ Kevin McDevitt
    Charles A. Laff (#01558153)                  Susan Neal (#06182708)
    Martin L. Stern (#02727307)                  Kevin McDevitt (#06205086)
    Judith L. Grubner (#06180359)                NEAL & MCDEVITT
    Marshall J. Schmitt (#06184893)              1776 Ash Street
    MICHAEL BEST & FRIEDRICH LLP                 Northfield, IL 60093
    180 North Stetson Avenue                     Phone: 847.441.9100
    Suite 2000                                   Facsimile: 847.441.0911
    Chicago, IL  60601-6710                      (Local Counsel)
    (312) 222-0800

                                     and
    Attorneys for Plaintiffs
    Middleby Marshall Inc. and                   David P. Miranda
    G.S. Blodgett Corporation                    Brett M. Hutton
                                       HESLIN ROTHENBERG FARLEY
                                       & MESITI, P.C.
                                       5 Columbia Circle
                                       Albany, NY 12203
                                       Phone: 518.452.5600
                                       Facsimile: 518.452.5579
                                       E-mail: BH@hrfmlaw.com
                                       (Pro Hac Vice Admission Pending)

                                       Attorneys for Defendant
                                       Pizza Equipment Supply, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing JOINT STATUS REPORT to be served on March 17, 2008, on the following attorneys of record through the CM/ECF system, which will send electronic notification of such filing to the following CM/ECF participants:

> Susan Neal
> Kevin McDevitt
> NEAL & MCDEVITT
> 1776 Ash Street
> Northfield, IL 60093

> /s   Charles A. Laff
> One of the Attorneys for Plaintiffs